**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JACKIE CHURCH,**

**Petitioner,**

**CASE NO. 2:06-cv-764
JUDGE HOLSCHUH
MAGISTRATE JUDGE ABEL**

**v.**

**JEFFREY WOLFE, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ and supplemental return of writ, petitioner's traverse, and the exhibits of the parties. This case involves petitioner's convictions pursuant to his guilty plea in the Morgan County Court of Common Pleas on attempted murder and felonious assault. Petitioner's convictions and sentence were affirmed by the Ohio Court of Appeals and by the Ohio Supreme Court. In this habeas corpus petition, he asserts that his convictions and sentence violate the Double Jeopardy Clause and *Blakely v. Washington*, 542 U.S. 296 (2004). For the reasons that follow, the Magistrate Judge concludes that these claims are procedurally defaulted or without merit and therefore **RECOMMENDS** that this action be **DISMISSED.**

## I. PROCEDURAL HISTORY

Petitioner was indicted by the January 2002 term of the Morgan County grand jury on attempted aggravated murder, in violation of O.R.C. §2923.02, felonious assault, in violation of O.R.C. §2903.11, and menacing by stalking, in violation of O.R.C. §2903.211, with specifications. Exhibit A to Return of Writ. On July 8, 2003, while represented by counsel, petitioner pleaded guilty

to attempted murder and felonious assault, with specifications. Exhibit B to Return of Writ. On September 15, 2003, the trial court sentenced petitioner to an aggregate term of nineteen years incarceration. Exhibit D to Return of Writ. Represented by the same counsel, petitioner filed a timely appeal; however, his appeal was dismissed for want of prosecution. Exhibit E to Return of Writ. Petitioner filed an application for reopening of the appeal; on April 26, 2004, the state appellate court granted petitioner's application and appointed new appellate counsel. Exhibits E, F and G to Return of Writ. Represented by new counsel, on September 14, 2004, petitioner filed a motion for remand requesting to be re-sentenced due to problems with the recording device during his original sentencing hearing. Exhibit H to Return of Writ. On September 22, 2004, the appellate court granted petitioner's request and stayed the appeal. Exhibit I to Return of Writ. On October 27, 2004, the trial court again re-sentenced petitioner to nineteen years incarceration. Exhibit J to Return of Writ. Thereafter, petitioner raised the following claims on appeal:

> Assignment of error I: "The trial court erred in ordering consecutive sentencing on the felonious assault and the attempted murder charges."
>
> Assignment of error II: "The court erred in ordering the defendant to pay restitution of an unknown amount."
>
> Assignment of error III: "The court erred in not finding that the crime of attempted murder and felonious assault are crimes of similar import and merging the offenses."

*State v. Church*, 161 Ohio App.3d 589 (Ohio App. 5 Dist. June 14, 2005); Exhibits K and O to Return of Writ. On June 14, 2005, the appellate court affirmed the judgment of the trial court, but sustained petitioner's second assignment of error, and remanded the case to the trial court. *Id.* Still represented by the same counsel, petitioner filed a timely appeal to the Ohio Supreme Court. He

raised the following proposition of law:

> The crime of attempted murder and felonious assault are crimes of similar import when committed with one act of violence and one result.

Exhibit N to Return of Writ. On November 9, 2005, the Ohio Supreme Court denied leave to appeal. Exhibit O to Return of Writ.

On September 7, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied double jeopardy protections afforded by federal and state constitutions when he received cumulative punishment for crimes that constitute the same offense under *Blockburger*.
>
> 2. Petitioner was denied the rights of a trial by jury and due process guaranteed by the United States Constitution when the trial court erred by imposing a term greater than the minimum sentence for a person with no history of imprisonment.

It is the position of the respondent that claim two is procedurally defaulted and claim one is without merit.

## II. PROCEDURAL DEFAULT: Ground Two

Respondent argues that petitioner's second claim--that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004)--is procedurally barred. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal

constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim two, petitioner asserts that his sentence violates *Blakely*, 542 U.S. at 296, because he was sentenced to more than the minimum term of incarceration and to consecutive terms of imprisonment, although he had not previously served a prison sentence, based upon factual findings made by the state trial court. This claim was never presented to the state courts. Petitioner argued before the state appellate court that he had been improperly sentenced under Ohio law, but did not raise a *Blakely* constitutional claim on direct appeal. Additionally, he thereafter failed to raise any issue regarding his sentence on appeal to the Ohio Supreme Court. *See* Exhibit N to Return of Writ. Further, petitioner may now no longer present this claim to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St. 2d 175 (1967). The Ohio Supreme Court was never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. The Court deems the second and third parts of the *Maupin* test to have been met.

Petitioner has waived his right to present claim two for federal habeas corpus review. He may still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violation that he alleges. Petitioner has failed to establish cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. However, petitioner, who pled guilty to attempted murder and felonious assault with specification, does not–and cannot–make a claim of actual innocence.

## III. CLAIM ONE

In claim one, petitioner asserts that his convictions and sentence violate the Double Jeopardy Clause.

The state appellate court rejected petitioner's claim as follows:

> Appellant claims that the trial court erred in ordering consecutive sentences for attempted murder and felonious assault, as the crimes are of similar import. We disagree.
>
> The state is correct that *State v. Myers* (Jan. 14, 2002), Perry App. No. 01 CA 5, 2002 WL 54753, is determinative of this issue. In *Myers,* this court held the following:
>
> "We find the elements of attempted murder and felonious assault do not meet the requirements of [ *State v.* ] *Rance* [ (1999), 85 Ohio St.3d 632, 710 N.E.2d 699], *supra,* and so for this reason, the offenses are not allied offenses of similar import. Likewise, we find felonious assault is not a lesser included offense of attempted murder."
>
> I did not participate in the *Myers* decision, and I disagree with its result.[FN1] I find the cases cited by appellant to be more persuasive. *See State v. Puckett* (Mar. 27, 1998), Greene App. No. 97CA43, and *State v. Gimenez* (Sept. 4, 1997), Cuyahoga App. No. 71190, 1997 WL 547950.
>
> FN1. There was but one gunshot and one result in this case. All of the victim's injuries stemmed from the one single act of violence by appellant.
>
> Based upon my finding that the cited cases from the other districts are in conflict with our decision in *Myers,* I would deny the assignment of error and certify the following question to the Supreme Court of Ohio:
>
> "Are attempted murder and felonious assault crimes of similar import to preclude cumulative sentencing?"

*State v. Church, supra*; Exhibit O to Return of Writ.[1]

---

[1] Concurring opinions were as follows:

WISE, J., concurs separately.

EDWARDS, J., concurs separately.

WISE, Judge, concurring.

I concur in Judge Farmer's opinion as it pertains to appellant's third assignment of error. Appellant's third assignment of error raises the issue of whether attempted murder and felonious assault are crimes of similar import.

Although the majority affirms the sentence rendered by the trial court, in accordance with *State v. Myers,* (Jan. 14, 2002), Perry App. No. 01 CA 5, 2002 WL 54753, Judge Farmer notes that he does not agree with the result in the *Myers* decision.

I write separately to indicate that I agree with the *Myers* decision and its conclusion that the elements of attempted murder and felonious assault do not meet the requirements of *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, and therefore are not allied offenses of similar import.

I also reached the same conclusion in *State v. Morris,* Guernsey App. No. 03 CA 29, 2004-Ohio-6988, 2004 WL 2955226. Accordingly, I agree that the trial court did not err in ordering consecutive sentences for attempted murder and felonious assault.

EDWARDS, Judge, concurring.

I concur with Judge Farmer as to the disposition of this case. I also concur with Judge Farmer as to the analysis of the first and second assignments of error.

I write separately to indicate that I concur with Judge Wise as to the analysis of the third assignment of error.

To the extent that petitioner asserts a violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6 Cir .1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6 Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" ' in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11 Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6 Cir.1988). Such are not the circumstances here.

As to petitioner's claim that his convictions violate the Double Jeopardy Clause, as a preliminary matter, this Court must consider whether petitioner fairly presented this federal constitutional issue to the state courts. In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Anderson v.Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir.1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless,* 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents'

his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Franklin v. Rose,* 811 F. 2s 322, 326 (6th Cir.1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir.1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz,* 888 F.2d 1097, 1098 (6th Cir.1989).

Petitioner raised claim one in the Ohio Court of Appeals solely as a violation of Ohio law which prohibits convictions on allied offenses of similar import. *See* Exhibits K and N to Return of Writ. He did not specifically allege that his convictions or sentence violated the Double Jeopardy Clause, nor did he refer to any federal cases in support of his claim. The Ohio Court of Appeals likewise reviewed the claim for a violation of state law only. *See State v. Church, supra*; Exhibit O to Return of Writ. Still, as discussed in *Palmer v.. Haviland,* 2006 WL 1308219 (S.D.Ohio May 11, 2006), Ohio's statute on allied offenses, O.R.C. § 2941.25, as defined by the Ohio Supreme Court in *State v. Rance,* 85 Ohio St.3d 632 (1999), is based on concerns arising from the Double Jeopardy Clause.

> *Rance* involved the branch of the Double Jeopardy Clause that protects against multiple punishments for the same offense in relation to Ohio's "allied offenses" statute, Ohio Rev.Code § 2941.25. The defendant in *Rance* argued that the imposition of cumulative punishments in a single trial for two separate offenses that the defendant claimed constituted the same offense violated the Double

> Jeopardy Clause. The Supreme Court of Ohio addressed the specific issue of whether " R.C. 2941.25(A) and the constitutional protections against double jeopardy prohibit trial courts from imposing separate sentences for both involuntary manslaughter and aggravated robbery." 85 Ohio St.3d at 634, 710 N.E.2d at 702. The Ohio Supreme Court recognized that "the double jeopardy protections afforded by the federal and state Constitutions guard citizens against ... cumulative punishments for the 'same offense.' " *Rance,* 85 Ohio St.3d at 634, 710 N.E.2d at 702. The Ohio Supreme Court noted that "the Fifth Amendment's Double Jeopardy Clause (made applicable to the states by the Fourteenth Amendment) and Ohio's counterpart are sufficiently similar to warrant consultation of federal jurisprudence when analyzing Ohio's proscription against placing persons 'twice ... in jeopardy for the same offense.' " *Id.* The *Rance* Court went on to analyze United States Supreme Court precedent on double jeopardy, including the decision in *Blockburger v. United States,* 284 U.S. 299 (1932), relied on by petitioner in the instant case. 85 Ohio St.3d 632, 635, 710 N.E.2d 699, 702 citing *Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Missouri v. Hunter,* 459 U.S. 359, 366 (1983); *Albernaz v. United States,* 450 U.S. 333, 344 (1981). The Ohio Supreme Court in *Rance* ultimately determined that the Ohio legislature could prescribe imposition of cumulative punishments for crimes stemming from the same criminal act "without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution." 85 Ohio St.3d 632, 635, 710 N.E.2d 699, 702 citing *Albernaz,* 450 U.S. at 344.

*Id.* (Footnote omitted). Thus, this Court concludes, as did the District Court in *Palmer v. Haviland, supra,* that petitioner may have fairly presented his Double Jeopardy claim to the state courts. Nonetheless, the record reflects that claim one is without merit.

The factual findings of the state court are presumed to be correct: 28 U.S.C. § 2254 (e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). However, because the Ohio Court of Appeals did not explicitly address petitioner's Double Jeopardy claim, the Court must consider the applicable standard of review. Under these circumstances,

> [t]here are three options: the deferential standard provided under § 2254(d); the *de novo* standard, and the "intermediate approach." *See Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003) *(de novo); Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith,* 326 F.3d 721, 726-27 (6th

> Cir.2003), *cert. denied,* 540 U.S. 1158, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir.2005) (same). The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach." *Moldonado v. Wilson,* 416 F.3d 470, 476 (6th Cir.2005); *Howard,* 405 F.3d at 467. When there is no decision or "no results," federal review is *de novo. See Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542 *(de novo* when there was no state court decision on second prong of *Strickland* test). When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard,* 405 F.3d at 467; *McKenzie,* 326 F.3d at 727.... [T]he "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue." In the latter situation there are "no results" for the federal court to defer, and *de novo* review by the federal court is required. *See Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542; *McKenzie,* 326 F.3d at 327.

*Socha v. Wilson,* 477 F.Supp.2d 809, 819 (N.D.Ohio 2007). Thus, it appears that the "intermediate approach" is required here. *Id.* Regardless, however, of the standard of review that is applied, the Court concludes that petitioner's claim is without merit.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States,* 284 U.S. 299, 304 (1932)(requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under

separate statutes. Under *Blockburger,* the critical question is whether the multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.[2]

In addition, a defendant cannot be prosecuted for a greater offense after conviction or acquittal of the lesser included offense. *Brown v. Ohio, supra.* In *Brown,* the defendant was convicted on his guilty plea to the offense of joyriding and was subsequently convicted of the offense of auto theft. Both convictions were based on the same events. Under Ohio law, joyriding is a lesser included offense of auto theft. The Supreme Court, noting that conviction on a charge of joyriding required no proof not required for conviction on a charge of auto theft, held that the subsequent prosecution of the greater charge was precluded by double jeopardy principles. 432 U.S. at 168-69. The Supreme Court emphasized that the prohibition of successive prosecutions serves a policy of finality, protecting a defendant from a government's attempts to re-litigate facts or secure additional penalties. *Id.,* at 165-66.

Ordinarily, a plea of guilt conclusively admits the defendant's guilt to the crimes charged, and

---

[2] In *Grady v. Corbin,* 499 U.S. 508, 519 (1990), which was decided after *Blockburger,* the United States Supreme Court held that the Double Jeopardy Clause also barred prosecution of multiple offenses where the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

However, the Supreme Court overruled the "same conduct" rule of *Grady,* concluding that *Grady* was inconsistent with Supreme Court precedent and the common law understanding of double jeopardy. *United States v. Dixon,* 509 U.S. 688, 704 (1993).

any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given. *United States v. Broce,* 488 U.S. 563, 569 (1989). In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a plea of guilt. *Id.* at 576. In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the guilty plea. *Ibid.*

> In *Broce,* the defendant entered guilty pleas to two separate indictments alleging conspiracies under the Sherman Act, 15 U.S.C. § 1, and later moved to vacate his sentences on the basis that there was in reality only a single conspiracy, and therefore his right under the Double Jeopardy Clause was violated. The Supreme Court focused on the charging documents to determine if the defendant's double jeopardy challenge survived his guilty plea. The Court noted: "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts *with facial allegations of distinct offenses* concede that he has committed two separate crimes." *Broce,* 488 U.S. at 570. The defendant's claim was premised on the contention that the two indictments alleged separate parts of the same illegal agreement. However, "[r]espondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement." *Id.* at 571.

*Tarpley v. Bock,* unpublished, 2003 WL 22258199 (E.D. Michigan September 25, 2003); *see also Emrick v. Wolfe,* unpublished, 2006 WL 3500005 (S.D.Ohio December 5, 2006)(same). Such are the circumstances here.

Petitioner initially was charged with attempted aggravated murder, felonious assault, and menacing by stalking. Exhibit A to Return of Writ. Pursuant to the terms of his plea agreement, he

pleaded guilty to attempted murder, in violation of O.R.C. §§2923.01(A), and 2903.02,[3] and felonious assault, in violation of O.R.C. §2903.11.[4]

Both convictions carried firearm specifications. *See* Exhibit C to Return of Writ. Both of the acts were alleged to have occurred on September 16, 2002, against the alleged victim Kristy Hooper. *See* Exhibit A to Return of Writ. These are two facially distinct offenses. Additionally, pursuant to the terms of his plea agreement, the prosecutor recommended that petitioner be sentenced to consecutive terms. *See* Exhibit C to Return of Writ. Petitioner's claim that his convictions violate the Double Jeopardy Clause therefore is without merit in view of his guilty plea.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed

---

[3] O.R.C. §§2923.01(A), and 2903.02 provide:

> No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.

O.R.C. §2903.01(A).

> No person shall purposely cause the death of another.

O.R.C. §2903.02(A).

[4] O.R.C. 2903.11(A) provides:

> No person shall knowingly:
> (1) Cause serious physical harm to another[.]

findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge